IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DANIEL CASE,** | § | |
| | § | |
| *Plaintiff,* | § | CIVIL ACTION NO._____ |
| | § | |
| *v.* | § | |
| | § | |
| **TWO SIGMA INVESTMENTS, LLC,** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Daniel Case complains of Defendant Two Sigma Investments, LLC under common law of the State of Texas. For these causes of actions, Plaintiff respectfully states as follows:

### I.  PARTIES

1. Daniel Case (hereinafter "Case" or "Plaintiff") is a citizen of Texas and resides in Dallas, Dallas County, Texas.

2. Defendant Two Sigma Investments, LLC (hereinafter "Two Sigma" or "Defendant") is a Delaware corporation with corporate headquarters in New York, New York. At all times material to Plaintiff's claims, Two Sigma was qualified to do and is doing business in the State of Texas. The causes of action asserted herein arose from and are connected to purposeful acts committed by Two Sigma in Dallas, Texas in anticipation of Plaintiff's employment with Two Sigma. Two Sigma may be served with process by its registered

agent Corporation Service Company dba CSC- Lawyers Incorporating Service at 701 Brazos, Suite 1050, Austin, TX 78701.

## II.   JURISDICTION AND VENUE

3. This district court has original jurisdiction of this civil action because the amount in controversy exceeds $75,000 and all parties are diverse under 29 U.S.C. §1332. Plaintiff Daniel Case is a citizen of Texas. Two Sigma is a citizen of New York and Delaware.

4. This is a breach of contract case. Plaintiff's claims are in excess of $750,000 as the face of the contract confirms.

5. A substantial portion of the acts and omissions giving rise to Plaintiff's claims occurred in Dallas, Dallas County, Texas. Venue is therefore proper in this district and division under 28 U.S.C. §1391(a).

## III.   FACTUAL BACKGROUND

6. Two Sigma is a finance and technology firm that manages billions of dollars in assets, and describes itself as a company which has been applying "disciplined, process-driven investment trading strategies since 2001." In short, Two Sigma is a hedge fund investment firm that controls massive amounts of wealth for its elite clientele.

7. Two Sigma initially contacted Case in November 2008. A six-month interview process began. During this period Case (at the direction of Two Sigma) drafted a number of detailed, lengthy memos explaining investment strategies that he would develop for Two Sigma.

8. Two Sigma issued a formal, signed offer of a position at Two Sigma to Case on April 22, 2009; a true and correct copy of the offer is attached as **Exhibit 1** hereto.

9. The offer stated that it was contingent on (1) the execution of an Invention, Non-Disclosure, and Non-Competition Agreement (hereinafter "non-compete" the conclusion of (2) a background search satisfactory to Two Sigma, and (3) the necessary permission to work in the United States. Case met these contingencies.

10. The offer stated that Case would receive a one-time sign on bonus of $53,000, a base salary of $125,000 per year, a guaranteed year-end bonus of $375,000 per year (if employment began prior to June 1, 2009) and a payment in lieu of deferred compensation from Case's former employer of $225,000 in three installments -- $45,000 at the end of 2009; $90,000 at the end of 2010; and $90,000 at the end of 2011.

11. On April 22, 2009, Case told his employer HBK Investments, that he was resigning to take a position in another company. On April 23, 2009 Case conveyed his resignation to Chris Sales, Case's primary contact at Two Sigma, who responded enthusiastically "Great – glad to have you on board."

12. The Two Sigma offer became a contract when Case accepted the offer and signed the offer letter on April 25, 2009. The contract stated that Case's start date was May 11, 2009. A true and correct copy of the contract is attached as **Exhibit 2** hereto.

13. Case reasonably and substantially relied upon promises of Two Sigma to his detriment, and such reliance by Case was foreseeable. In such reliance Case resigned from his position at HBK where he earned more than $800,000.00 a year, where he had substantial employee benefits, and where he had accrued deferred compensation at or greater than $225,000. Case's resignation from HBK Investments cost Case his opportunity to earn a significant income, $225,000 in deferred compensation, his year-end bonus, and his employment benefits.

14. On April 30, 2009, with his employment agreement in hand, Case traveled to New York to locate housing for his family.

15. On April 30, 2009, while Case was in New York, Case told Sales he was in New York looking for an apartment. Sales told Case that he should hold off on getting an apartment. Case told Sales, "These guys have not signed off yet." Case asked Sales, "Is the offer gone?" Sales replied: "No, no, no, emphatically no. We're just working through it on our end."

16. For the next several weeks Case and Two Sigma discussed additional diligence on the business plan. During this time Case continued to share business strategies and ideas with Two Sigma. Two Sigma assured Case that he would be on payroll soon, while it continued to receive and benefit from Case's ideas and strategies.

17. On May 22, 2009, Case received a letter dated May 21, 2009, a true and correct copy of which is attached hereto as **Exhibit 3**, stating it was formal confirmation that notified Case that Two Sigma "has revoked its offer of employment" to Case. The May 21, 2009 letter from Two Sigma falsely stated that Two Sigma had previously recommended to Case that he refrain from resigning.

18. Following its May 21, 2009 letter to Case, Two Sigma has communicated to Case that it would extend him a "replacement" offer of six (6) months employment with greatly reduced compensation. Later Two Sigma suggested to Case that he make Two Sigma a proposal for Case to do consulting work for Two Sigma. Two Sigma has not paid or offered to pay Case the $225,000 in lieu of deferred compensation called for by the contract and/or compensation to Case to make him whole for his reliance damages flowing from the promises by Two Sigma to Case that Case reasonably and substantially

relied upon to his detriment. Instead of compensation, Two Sigma provided these words: "We wish you luck in your future and encourage you to remain in contact with us." See **Exhibit 3**.

## IV.   CAUSES OF ACTION

### *Count One: Breach of Contract*

19. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1-18 above as if fully stated herein.

20. Case and Defendant entered into a contract, specifically **Exhibit 2** hereto.

21. Adequate consideration supported the contract as to $225,000 in payments by Two Sigma to Case in lieu of deferred compensation from Case's former employer. The parties mutually agreed on all material terms as to this contract. All conditions precedent have occurred or been performed. Defendants are not excused from performing under this contract.

22. While employment under the contract would have been at will, the contract provided specifically that :

> You will also receive a payment in lieu of deferred compensation from your former employer in the amount of $225,000. Such payment will be made in three installments on the following schedule based on your continued employment: $45,000 at the end of 2009, $90,000 at the end of 2010; and $90,000 at the end of 2011. Payments will be made by year-end, or as soon thereafter as is practical. Notwithstanding the foregoing, you acknowledge and agree that no bonus payments outlined in this letter will be awarded if you voluntarily resign or give notice of resigning prior to year-end, regardless of your performance or the firm's results.

Case never voluntarily resigned. Case never gave notice of resigning prior to year-end.

23. Following its May 21, 2009 letter to Case, Two Sigma has communicated to Case that it will pay him nothing – not the $225,000 in lieu of deferred compensation called for by

the contract and no compensation to Case to make him whole for his reliance damages flowing from the promises by Two Sigma to Case that case reasonably and substantially relied upon to his detriment. Instead of compensation, Two Sigma provided only these words: "We wish you luck in your future and encourage you to remain in contact with us." See **Exhibit 3**.

24. Case is entitled to recover his reasonable attorneys' fees under Tex. Civ. Prac. & Rem. Code § 38.001 because his claim is on a written or oral contract.

### *Count Two: Promissory Estoppel / Detrimental Reliance*

25. Case incorporates the allegations set forth in paragraphs 1 through 24 as if fully stated herein.

26. Pleading in the alternative only, in the unlikely event of a finding that no enforceable contract governed the $225,000 contract specified in Count One, Case is entitled to recovery of such amount, in full, plus prejudgment interest on grounds of promissory estoppels and/or detrimental reliance.

27. In addition, and not in the alternative, Case is entitled to reliance damages for his other losses as a result of his reasonable and substantial reliance upon the promises of Two Sigma to offer him employment commencing May 11, 2009.

28. Case lost the value of compensation, deferred compensation, bonus and employee benefits he would have received from his employment at HBK but for his reasonable and substantial reliance on the promises of Two Sigma and its agents.

### V.    JURY DEMAND

29. Under Fed. R. Civ. P. 38(b), Case hereby requests a jury trial on all issues triable of right by a jury.

## VI. DAMAGES

30. Case incorporates the allegations set forth in paragraphs 1 through 29 as if fully stated herein.

31. Case has suffered monetary damages as a result of Defendant's breach of contract, and promissory estoppel/detrimental reliance. Those damages exceed the minimum jurisdictional limits of this Court.

32. Defendant's actions have required Case to retain counsel to bring this claim, and he thus sues for the attorneys' fees incurred in the prosecution of this lawsuit pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that Two Sigma Investments, LLC be summoned to appear and answer, and that on final trial, judgment be granted against Two Sigma Investments, LLC awarding Plaintiff the following:

    A.    Grant judgment in Case's favor on his breach of contract claim and order Defendant to pay damages suffered by Case resulting from Defendant's breach of its contractual obligations;

    B.    Award Case full compensation for his damages that resulted from his reliance on the promises of Two Sigma;

    C.    Award Case pre-judgment and post-judgment interest in the maximum amount permissible under the law;

    D.    Award Case his reasonable attorney's fees and costs of suit; and

    E.    Grant such further relief as it may deem necessary and proper.

DATED: July __, 2009

                          Respectfully submitted,

                          GILLESPIE, ROZEN & WATSKY, P.C.
                          3402 Oak Grove Avenue, Suite 200
                          Dallas, Texas 75204
                          Phone: (214) 720-2009
                          Fax: (214) 720-2291

                    By: */s/ Hal K. Gillespie*
                          Hal K. Gillespie
                          State Bar No. 07925500
                          Attorney in Charge
                          Tiffany C. Alvoid
                          State Bar No. 24057743

                        Attorneys for Plaintiff